IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 11-cv-00647-MSK-KMT

RIVALDO ALEJANDRO BELTRAN ESCAMILLA,
a/k/a William Alexander Escamilla Quijada,

        Petitioner,

v.

JOHN P. LONGSHOR, Field Office Director, U.S. Immigration & Customs Enforcement (ICE);
CHARLES GILKEY, Warden, GEO Group, Inc., Aurora Detention Center;
ERIC HOLDER, acting United States Attorney General;
JANET NAPOLITANO, Secretary of the United States Department of Homeland Security; and
the UNITED STATES OF AMERICA,

        Respondents.

---

## OPINION AND ORDER GRANTING RESPONDENTS' MOTION TO DISMISS

**THIS MATTER** comes before the Court on Respondents John P. Longshor, Charles Gilkey, Eric Holder, Janet Napolitano, and the United States of America's (collectively "Respondents") Motion to Dismiss (**#5**), to which Petitioner Rivaldo Alejandro Beltran Escamilla ("Mr. Escamilla") responded (**#6**). Having considered the same, the Court **FINDS** and **CONCLUDES** the following.

### I.  Jurisdiction

Mr. Escamilla brings this action pursuant to the Court's authority to determine if he is in custody in violation of the Constitution or the laws of the United States under 28 U.S.C. § 2241. The Respondents contend that the action is now moot because Mr. Escamilla has been removed from the country and, therefore, is no longer in the custody of the United States. Accordingly,

the Court exercises its inherent authority to determine its own jurisdiction pursuant to § 2241.

*See United States v. Ruiz*, 536 U.S. 622, 628 (2002).

## II.    Material Facts

According to the Petition for Habeas Corpus (**#1**) and the facts admitted by Mr. Escamilla

in his Response (**#6**) to the Respondents' Motion to Dismiss (**#5**), the pertinent facts are as

follows.  Mr. Escamilla is a native and citizen of El Salvador.  In May 2006, he entered the

United States without inspection.  At some point thereafter, Mr. Escamilla applied for asylum.

This request was denied on October 20, 2008 by the Immigration Judge assigned.  Accordingly,

he was ordered removed from the country.  Such removal order, however, was stayed while his

appeal to the Board of Immigration Appeals was pending.  This appeal was denied on January

18, 2011 and, thus, the removal order became final.  He subsequently appealed this decision to

the Tenth Circuit Court of Appeals, which remains pending.

Mr. Escamilla applied for a Stay of Removal with the United States Immigration

Customs Enforcement Field Office in Denver, Colorado, requesting that his removal be stayed

pending the outcome of his appeal with the Tenth Circuit.  It was denied on February 25, 2011

and Mr. Escamilla was taken into custody.  On March 15, 2011, Mr. Escamilla initiated this

Petition for Habeas Corpus (**#1**), arguing that the denial of his Stay of Removal and resultant

custody was unconstitutional because it violated his due process and his equal protection rights.

He was removed to El Salvador on April 6, 2011.

## III.    Issues Presented

The Respondents contend that this action is now moot because Mr. Escamilla is no

longer in the custody of the United States, having been removed on April 6, 2011.  Mr. Escamilla

responds that the action is not moot because his circumstances qualify for two exceptions to the mootness doctrine: (i) he has a continuing injury, namely that he is barred from reentering the United States for ten years; and (ii) that the issue at hand is a wrong capable of repetition yet evading review.  Thus, the issues presented are whether the Petition is moot given Mr. Escamilla's removal from this country and, if so, whether any exception to the mootness doctrine applies.

### IV.   Legal Standard

Although challenges to most administrative orders of removal, deportation, or exclusion are reviewable only by the court of appeals, *see* 8 U.S.C. § 1252(a)(5), challenges to detention are reviewable by the district court in an action brought pursuant to 28 U.S.C. § 2241.  *See Ferry v. Gonzales*, 457 F.3d 1187, 1192 (10th Cir. 2005).  In a § 2241 action, a district court is authorized to issue the writ of *habeas corpus* when Mr. Escamilla is "in custody in violation of the Constitution or laws or treaties of the United States."  *See* §2241(c)(3).  Thus, to assert a § 2241 claim, Mr. Escamilla must demonstrate that he is "in custody," but this requirement need only be met at the time the action is initiated.  *See, e.g.*, *Spencer v. Kenna*, 523 U.S. 1, 7 (1998).

However, although not affecting the "in custody" requirement, a petitioner's release from custody after the initiation of his habeas petition may result in his petition becoming moot.  *See id.*  Article III of the United States Constitution limits the jurisdiction of the federal courts to actual cases or controversies.  U.S. Const. art. III, § 2, cl. 1.  To adhere to this jurisdictional limitation, an actual case or controversy must be present at all stages of the litigation, not only when the action is initiated.  *See Copar Pumice Co. v. Tidwell*, 603 F.3d 780, 792 (10th Cir. 2010).  Indeed, without a controversy that is both live and concrete, federal courts lack

jurisdiction to consider claims, no matter how meritorious.  *See Mink v. Suthers*, 482 F.3d 1244, 1253 (10th Cir. 2007).  Accordingly, when a court considers this threshold issue and determines that there is no current live case or controversy, it must dismiss the action for lack of jurisdiction. *See Copar Pumice*, 603 F.3d at 792; *McKeen v. U.S. Forest Serv.*, 615 F.3d 1244, 1255 (10th Cir. 2010).

Although the case or controversy requirement is constitutionally mandated, the scope of the requirement is somewhat indistinct.  The mootness doctrine incorporates two aspects: (i) whether the issues are live; and (ii) whether the parties have a legally cognizable interest in the outcome.  *See Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 2011 U.S. App. LEXIS, at *6 (10th Cir. Mar. 31, 2011).  The critical question in determining these two aspects is "whether granting a present determination of the issues offered will have some effect in the real world."  *McKeen*, 615 F.3d at 1255; *Kennecott Utah Copper Corp. v. Becker*, 186 F.3d 1261, 1266 (10th Cir. 1999).  When circumstances change such that the court is unable to grant effective relief that has some effect in the real world, a live case or controversy no longer exists and the case is, therefore, moot.  *See McKeen*, 615 F.3d at 1255; *Copar Pumice*, 603 F.3d at 792 (stating that a case is moot where intervening events or relief "have completely and irrevocably eradicated the effects of the alleged violation").  Demonstrating that a case is moot is a heavy burden and lies with the party alleging that the action is moot.  *See id.*

There are, however, exceptions to the mootness doctrine; that is, even if an action appears moot on its face, a court will refrain from dismissing the action when certain circumstances are present.  The four generally recognized exceptions are: (1) the plaintiff continues to have secondary or collateral injuries even after resolution of the primary injury; (2)

4

the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant

voluntarily ceases an alleged illegal practice, but is free to resume it at any time; or (4) the action

is a properly certified class action suit.  *See Riley v. INS*, 310 F.3d 1253, 1256–57 (10th Cir.

2002).

## V.   Analysis

In this case, the Court begins its analysis of subject matter jurisdiction by determining the

type of claims at issue in the action.  Mr. Escamilla brings his claims pursuant to § 2241.

Section 2241 is available to challenge the legality of one's detention; it is not available to

challenge an Order of Removal or one's ultimate removal from the United States.  *See Ferry*,

457 F.3d at 1192.  Here, Mr. Escamilla contends that the denial of his Application for a Stay of

Removal, and apparently his consequent detention, was unconstitutional for two reasons.  First,

he argues that in considering the Application, the Respondents did not adequately consider the

necessary factors including his community ties, his agreement to conditions of release, and his

health status.  Second, he argues that he was denied equal protection of the laws because his

Application, as submitted to the Denver Field Office, would have been granted by the Salt Lake

City Field Office, which allegedly routinely grants such requests.

Mr. Escamilla does not request a specific remedy, merely requesting that the Court "grant

him such relief to which he may be entitled in these proceedings."  Despite this lack of clarity,

given the nature of Mr. Escamilla's claims, the Court understands him to be seeking one, or both,

of two remedies: (i) release from his confinement; and/or (ii) the granting of his request for Stay

of Removal.  As to the former, this is generally the type of remedy that is sought in a § 2241

action and over which the Court has jurisdiction.  *See McIntosh v. United State Parole Comm'n*,

115 F.3d 809, 811 (10th Cir. 1997); *Ferry*, 457 F.3d at 1331.  As to the latter, although the Court

has some doubts about whether it has jurisdiction to review such an order by the administrative

agency,[1] the Court need not conclusively determine such issue as it concludes that it lacks

jurisdiction of the action for a different reason—Mr. Escamilla's claims, in either of the two

forms, are moot.

      The parties do not dispute that, regardless of the specific type of remedy that Mr.

Escamilla seeks, the case is facially moot.  Mr. Escamilla is no longer in custody as he was

removed to El Salvador on April 6, 2011.  Accordingly, an order by this Court directing that Mr.

Escamilla's release from custody or the granting of a stay of removal would have no effect in the

real world.  Mr. Escamilla, however, contends that despite this reality, the Petition is not moot

because his claims and circumstances give rise to two exceptions to the mootness doctrine.

---

[1] The Court of Appeals is the exclusive means of review of an order of removal.  *See* 8
U.S.C. § 1252(a)(5) (providing that a petition for review with the appropriate court of appeals is
the "sole and exclusive" means for judicial review of an order of removal"); 8 U.S.C. § 1252(g)
(providing that no court shall have jurisdiction "to commence proceedings, adjudicate cases, or
execute removal orders against any alien under this Act" except as provided in the Act itself).
The Tenth Circuit has not addressed the scope of these provisions in a published opinion, but has
indicated in unpublished opinions that these provisions preclude a district court from exercising
jurisdiction over any cause or claim that arises out of an action by the Attorney General in which
he is exercising his authority in any of the three enumerated areas in § 1252(g).  *See, e.g.*,
*Tsering v. U.S. Immigration & Customs Enforcement*, 403 Fed. App'x 339, 342–43 (10th Cir.
Nov. 30, 2010) (holding that the court lacked jurisdiction to consider a claim that the United
State's actions in procuring travel documents for the alien denied him due process); *McCloskey
v. Keisler*, 248 Fed. App'x 915, 918 (10th Cir. Sept. 25, 2007) (holding that the court did not
have jurisdiction to consider an appeal of a letter requesting relief from execution of the removal
order).  As the discretionary determination as to whether to grant a stay of removal arguably
arises out of the Attorney General's authority to execute a removal order, it would appear that
this court is without jurisdiction to consider this claim.  *See, e.g.*, *Knarik Varuzhani Shaboyan v.
Holder*, No. 11-71574, 2011 U.S. App. LEXIS 13261, at * (9th Cir. Jun. 29, 2011) (holding that
the court lacked jurisdiction to consider an appeal of the Bureau of Immigration Appeal's denial
of a motion for a stay of removal pending consideration of a motion to reopen the immigration
case).

First, he argues that although his initial injury has been alleviated, *i.e.*, he is no longer in custody and subject to pending removal proceedings, because he is barred from reentering the United States for ten years, he continues to have secondary or collateral injuries sufficient to constitute a live controversy. To the extent that this constitutes an actual injury, it stems not from his detention but from his final order of removal and, therefore, is not a continuing injury sufficient to keep this case live. *See Ferry*, 457 F.3d at 1132.[2] In other words, because the alleged continuing injury does not arise from the injury for which this Court has jurisdiction, it is not sufficient to establish the exception to the mootness doctrine.

Second, Mr. Escamilla argues that his is an injury that is capable of repetition yet evading review. *See Riley*, 310 F.3d at 1257. This exception is reserved for only "exceptional circumstances." *Chihuahuan Grasslands Alliances v. Kempthorne*, 545 F.3d 884, 892 (10th Cir. 2008). It arises when two conditions are met (i) the duration of the challenged action is too short to be fully litigated prior to its cessation or expiration and (ii) there is a reasonable probability that the plaintiff/petitioner will be subjected to the same action again. *See id.* In this case, Mr. Escamilla argues that the Respondents may repeat their unlawful behavior and avoid review by simply deporting the aggrieved parties. Such argument, however, fails to demonstrate how Mr. Escamilla himself would be subject to the same injury in the future. Indeed, as discussed *supra*, Mr. Escamilla acknowledges that he has been deported upon a final removal order and that he is

---

[2] Mr. Escamilla attempts to distinguish *Ferry* by noting that the issue in *Ferry* was whether a petitioner's claim for failure to have a bond hearing was moot, not whether a denial of a stay of removal was unconstitutional. Although this difference does factually distinguish *Ferry* from this case, the analysis in *Ferry* is not premised on such a distinction. Rather, it is generally applicable to the mootness exception as it relates to a claimed continuing injury of inability to reenter the United States under the mootness doctrine and, therefore, applicable to this case.

barred from entering the United States for ten years. As a consequence, Mr. Escamilla is not subject to further unlawful detention based on the unconstitutional denial of a valid and appropriate Application for Stay of Removal. Accordingly, there is not a reasonable probability that Mr. Escamilla himself, as opposed to other similarly situated persons, will be subject to the same action again and this exception is not applicable in this case.[3]

As the Court is unable to grant effective relief that has some effect in the real world, a live case or controversy no longer exists in this action and no exception to the mootness doctrine applies, the Court lacks subject matter jurisdiction over this action.

**IT IS THEREFORE ORDERED** that Respondents' Motion to Dismiss (**#5**) is **GRANTED**.[4] The Clerk of Court shall enter judgment and close this case.

Dated this 12th day of July, 2011

BY THE COURT:

Marcia S. Krieger
_____

_____

[3] Although not expressly raised by Mr. Escamilla, the Court notes that neither of the other two exceptions are applicable to this case. The case is not a class action (exception 4) and the defendants have not voluntarily ceased engaging in the alleged unconstitutional behavior (exception 3).

[4] It is not clear to the Court whether 28 U.S.C. § 2253 requires the issuance of a Certificate of Appealability before Mr. Escamilla may seek review of this ruling. To the extent such a Certificate is necessary, the Court has considered the standards of *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), and finds that Mr. Escamilla has not made a substantial showing that his petition states a valid claim of the denial of a constitutional right, that the Court has jurisdiction over such claim, or that there was an actual denial of his constitutional rights such that reasonable jurists could disagree as to the disposition of his petition. Accordingly, the Court also denies a Certificate of Appealability.

Marcia S. Krieger
United States District Judge